**Motion Granted Abatement Order filed August 13, 2020**



In The

# Fourteenth Court of Appeals

————————

NO. 14-19-00167-CV
————————

**WENDY MIEGS, Appellant**

**V.**

**TREY BERGMAN AND BERGMAN ADR GROUP, Appellees**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-73032**

## ABATEMENT ORDER

The parties filed an agreed motion to abate this appeal for 60 days to allow the trial court to sign an order to cure the jurisdictional defect identified by this court in its July 29, 2020 letter to the parties. *See* Tex. R. App. P. 27.2 (permitting court of appeals to allow a non-final appealed order "to be modified so as to be made final"). Tex. R. App. P. 27.2. The motion is granted.

A supplemental clerk's record containing any order signed by the trial court and a transcript of any hearing held in connection with this order shall be filed with this court within 60 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Christopher, Wise, and Zimmerer